**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

JEREMY FABRICIO RODAS-JARA,
EVELYN ESMAILY GARCIA-PABLO
and
DAVID ERNESTO FLORES-REYES,

      Plaintiffs,

      v.

MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*, and
JOSEPH B. EDLOW, *in his official capacity as Director of U.S. Citizenship and Immigration Services*,

      Defendants.

Civil Action No. 25-2744-TDC

**MEMORANDUM OPINION**

Plaintiffs Jeremy Fabricio Rodas-Jara, Evelyn Esmaily Garcia-Pablo, and David Ernesto Flores-Reyes have filed a civil action against the Secretary of Homeland Security and the Director of United States Citizenship and Immigration Services ("USCIS"), in which they allege violations of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551–559, 701–706, and the right to due process of law under the Fifth Amendment to the United States Constitution, based on the denial of their petitions for special immigrant juvenile status. Defendants have filed a Motion to Dismiss, and Plaintiffs have filed a Cross Motion for Summary Judgment, which are fully briefed. The Court held a hearing on the Motions on July 29, 2026. For the reasons set forth below, Defendants' Motion to Dismiss will be GRANTED IN PART and DENIED IN PART, and Plaintiffs' Cross Motion for Summary Judgment will be GRANTED.

## BACKGROUND

### I. Statutory and Regulatory Framework

Under the Immigration and Nationality Act ("INA"), as relevant here, a special immigrant juvenile ("SIJ") is "an immigrant who is present in the United States":

> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

> (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status . . . .

8 U.S.C. § 1101(a)(27)(J). The INA further provides that "[v]isas shall be made available . . . to qualified special immigrants described in section 1101(a)(27)," *id.* § 1153(b)(4), and that "[a]ny alien . . . desiring to be classified under section 1153(b)(4) . . . may file a petition with the Attorney General for such classification." *Id.* § 1154(a)(1)(G)(i); *see Mestanek v. Jaddou,* 93 F.4th 164, 170–71 (4th Cir. 2024) (noting that the Homeland Security Act of 2002 generally transferred the Attorney General's authority over federal immigration laws to the Secretary of Homeland Security).

An SIJ petitioner "may not be denied special immigrant status . . . based on age if the alien was a child on the date on which the alien applied for such status." 8 U.S.C. § 1232(d)(6). The INA generally defines a "child" as "an unmarried person under twenty-one years of age." *Id.* § 1101(b)(1).

According to a Department of Homeland Security ("DHS") regulation, a "petitioner is eligible for classification as a special immigrant juvenile . . . if they meet all of the following requirements":

(1)    Is under 21 years of age at the time of filing the petition;

(2)    Is unmarried at the time of filing and adjudication;

(3)    Is physically present in the United States;

(4)    Is the subject of a juvenile court order(s) that meets the requirements under paragraph (c) of this section; and

(5)    Obtains consent from the Secretary of Homeland Security to classification as a special immigrant juvenile.

8 C.F.R. § 204.11(b). Paragraph (c), as relevant to the fourth element, requires that a juvenile court make certain specific determinations and also requires that, subject to certain exceptions not applicable here, "[t]he juvenile court order(s) must be in effect on the date the petitioner files the petition and continue through the time of adjudication of the petition." *Id.* § 204.11(c)(3)(ii).

SIJ petitions are submitted using USCIS Form I-360. For such petitions, the "filing date of [the] petition is the date it is properly filed and received by USCIS." *Id.* § 204.1(b); *see id.* § 103.2(a)(7)(i) ("USCIS will consider a benefit request received and will record the receipt date as of the actual date of receipt at the location designated for filing such benefit request whether electronically or in paper format."). Although USCIS permits electronic filing for certain other applications, it does not permit electronic filing of SIJ petitions. USCIS permits SIJ petitions to be submitted in person at a USCIS field office, but such submissions may occur only by appointment and only within two weeks of a SIJ petitioner's 21st birthday. USCIS Website at 2, Reply Ex. 1, ECF No. 15-1; USCIS Website at 2, Reply Ex. 2, ECF No. 15-2. At the hearing, counsel for Defendants confirmed that USCIS field offices will not allow an in-person filing of an

3

SIJ petition without an appointment and do not have a drop box in which a petition can be deposited for filing.

## II.    Jeremy Fabricio Rodas-Jara

Plaintiff Jeremy Fabricio Rodas-Jara was born on September 27, 2002 and is a native and citizen of Ecuador.  On or about October 12, 2022, Rodas-Jara entered the United States after fleeing both domestic violence from a parent and threats from corrupt police officers.  On January 26, 2023, Rodas-Jara's uncle filed a petition for custody of Rodas-Jara and a request for SIJ findings in the Circuit Court for Montgomery County, Maryland.  On September 8, 2023, a magistrate judge of that court held a custody and SIJ findings hearing and recommended that the court grant custody and make the requested SIJ findings.  However, no orders were entered that day due to a ten-day waiting period for parties to lodge objections to the magistrate judge's recommendations, which the magistrate judge declined to waive.

Based on the understanding that USCIS would consider Rodas-Jara's SIJ Petition only if it received his Form I-360 before his 21st birthday, Rodas-Jara's counsel sent to USCIS by FedEx overnight delivery a Form I-360 SIJ Petition on September 11, 2023, before the qualifying juvenile court orders had been issued.  On September 15, 2023, USCIS issued a receipt for Rodas-Jara's Petition, with an actual receipt date of September 12, 2023.

On September 20, 2023, the Circuit Court for Montgomery County issued the qualifying juvenile court orders for Rodas-Jara.  A week later, on September 27, 2023, Rodas-Jara turned 21. On September 29, 2023, Rodas-Jara's counsel first received the USCIS receipt for Rodas-Jara's Petition.  That same day, Rodas-Jara's counsel mailed the qualifying juvenile court orders to USCIS with the receipt number for the previously filed Petition.  At the hearing, counsel stated

that in taking this step, he generally uses information on the receipt to identify the particular USCIS service center to which the petition was assigned and sends the court orders to that location.

On December 18, 2023, USCIS issued to Rodas-Jara a Notice of Intent to Deny the Petition ("NOID") on the grounds that:

> To qualify for Special Immigrant Juvenile Status classification, the Court Orders must be in effect on the date the petitioner files the petition and continue through the time of adjudication of the petition . . . [s]ee 8 CFR 204.11(c)(3)(ii) . . . [t]he Court Orders you submitted came into effect on September 19, 2023, after you filed your Form I-360 on September 12, 2023; therefore they were not in effect on the date you filed your petition . . . USCIS finds that you have not demonstrated that your Form I-360 petition should be approved.

Compl. ¶ 28, ECF No. 1. Rodas-Jara responded to the NOID on January 20, 2024, but USCIS denied the Petition on January 29, 2024 after finding that Rodas-Jara had not met his burden to establish that he was "eligible for SIJ classification at the time [he] filed [his] Form I-360 petition." *Id.* ¶ 29. Because Rodas-Jara's Petition was denied after he turned 21 years old, he was unable to cure the deficiency by filing a renewed SIJ petition.

### III.    Evelyn Esmaily Garcia-Pablo

Plaintiff Evelyn Esmaily Garcia-Pablo was born on September 18, 2002 and is a native and citizen of Guatemala. In March 2019, Garcia-Pablo and her mother fled Guatemala to escape her physically and verbally abusive father. On July 12, 2023, Garcia-Pablo's mother filed a petition for custody and a request for SIJ findings in the Circuit Court for Anne Arundel County, Maryland. The court scheduled a hearing for September 12, 2023, which was six days before Garcia-Pablo's 21st birthday. Knowing that USCIS would consider Garcia-Pablo's SIJ Petition only if it received her Form I-360 before her 21st birthday, Garcia-Pablo's counsel sent her Form I-360 SIJ Petition to USCIS by overnight FedEx on September 2, 2023, before the qualifying juvenile court orders

had been issued. USCIS issued a receipt for Garcia-Pablo's Petition on September 8, 2023, with an actual receipt date of September 5, 2023.

On September 12, 2023, the Circuit Court for Anne Arundel County held the custody and SIJ findings hearing, and the judge granted custody of Garcia-Pablo to her mother and made the requested SIJ findings. These qualifying juvenile court orders were not docketed until September 13, 2023. On September 18, 2023, Garcia-Pablo's counsel first received the USCIS receipt for Garcia-Pablo's Petition. That same day, Garcia-Pablo turned 21. On September 21, 2023, Garcia-Pablo's counsel mailed the qualifying juvenile court orders to USCIS with the receipt number for the previously filed Petition.

On January 10, 2024, USCIS issued an NOID relating to Garcia-Pablo's Petition on the grounds that "[t]he court order must be signed and dated prior to the receipt of your Form I-360 . . . USCIS finds that you have not demonstrated that your Form I-360 petition should be approved." *Id.* ¶ 39. Garcia-Pablo's counsel submitted a timely response to the NOID that was received on February 8, 2024, but USCIS denied the Petition on March 12, 2024 for failing to respond to the NOID. USCIS granted a motion for reconsideration on the issue of whether Garcia-Pablo had timely responded to the NOID, but it ultimately denied her Petition on June 17, 2024 because "[t]he court order must be signed and dated prior to the receipt of your Form I-360." *Id.* ¶ 43. Because Garcia-Pablo's Petition was denied after she turned 21 years old, she was unable to cure the deficiency by filing a renewed SIJ petition.

## IV.    David Ernesto Flores-Reyes

Plaintiff David Ernesto Flores-Reyes was born on August 11, 1999 and is a native and citizen of El Salvador. On June 13, 2016, Flores-Reyes entered the United States as an unaccompanied minor after fleeing gang violence and having been abandoned by both of his

parents. On February 21, 2019, Flores-Reyes's counsel filed a third-party custody action in the Circuit Court for Montgomery County requesting that the court award custody of Flores-Reyes to his aunt and make SIJ findings. On July 27, 2020, the court held a hearing at which it granted the requested custody order and made SIJ findings, and it issued the qualifying juvenile court orders the same day. On August 6, 2020, Flores-Reyes's counsel sent to USCIS by overnight courier a Form I-360 SIJ Petition on behalf of Flores-Reyes, with supporting documents including the juvenile court orders. USCIS received the Petition on August 7, 2020. Flores-Reyes turned 21 four days later, on August 11, 2020.

On August 17, 2020, USCIS mailed to Flores-Reyes a rejection notice for failing to sign his Petition. Although Flores-Reyes received this notice after he had turned 21, Flores-Reyes's counsel refiled a corrected Petition on August 24, 2020 and requested that USCIS honor the original filing date of August 7, 2020. On January 15, 2021, USCIS issued to Flores-Reyes an NOID stating that his renewed Petition would be denied because it had been filed after he turned 21 years old. Flores-Reyes responded to the NOID, but on February 11, 2022, USCIS denied the Petition because it was filed after his 21st birthday. After this case began, USCIS reopened Flores-Reyes's Petition and approved it on October 3, 2025.

## V.    Procedural History

Plaintiffs allege two claims in the Complaint. In Count 1, Plaintiffs allege that Defendants violated their right to due process of law by failing to inform them of defects in their Petitions in a timely manner, which left them unable to cure their Petitions before they turned 21, and thereby rendered meaningless any notices sent by Defendants. In Count 2, Plaintiffs allege that the regulation underlying USCIS's denial of the Petitions, which requires that any qualifying juvenile court order be in effect at the time of the filing of an SIJ petition, *see* 8 C.F.R. § 204.11(c)(3)(ii),

is arbitrary and capricious and not in accordance with law, in violation of the APA, 5 U.S.C. § 706(2)(A).

Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. In opposing Defendants' Motion, Plaintiffs construed it as a Motion for Summary Judgment on the APA claim and filed a Cross Motion for Summary Judgment on the APA claim. At the hearing on the Motions, Defendants withdrew their argument that the due process claim in Count 1 should be dismissed because judicial review is barred by 8 U.S.C. § 1252(a)(2)(D).

## DISCUSSION

Defendants argue that the APA claim in Count 2 should be dismissed for failure to state a claim on the grounds that 8 C.F.R. § 204.11(c)(3)(ii) is not arbitrary and capricious and is in accordance with law because it is based on the plain language of the INA, courts have required qualifying juvenile court orders to be in effect prior to the current version of that regulation, and an individual cannot file a petition for an immigration benefit before becoming eligible for the benefit. Defendants also assert that Flores-Reyes's claim should be dismissed as moot because his SIJ Petition has been approved. In their reply brief, they argue for the first time that the due process claim in Count 1 should be dismissed for failure to state a claim.

In their Cross Motion for Summary Judgment, Plaintiffs argue that they are entitled to judgment as a matter of law on the APA claim because nothing in the SIJ statute, 8 U.S.C. § 1101(a)(27)(J), requires that a qualifying juvenile court order be in effect at the time of the filing of an SIJ petition, as is required by 8 C.F.R. § 204.11(c)(3)(ii). Plaintiffs do not oppose dismissal of Flores-Reyes's claims.

Because Flores-Reyes's SIJ Petition has now been approved and both parties agree to the dismissal of his claims, the Court will grant Defendants' Motion in part on that basis and dismiss Flores-Reyes's claims as moot. Further, because the Court will grant Plaintiffs' Motion as to the APA claim in Count 2 and award judgment to the remaining Plaintiffs on that basis, the Court need not and will not address the arguments relating to the due process claim in Count 1.

## I.    Legal Standards

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

Under Federal Rule of Civil Procedure 56(a), the Court grants summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In assessing the Motion, the Court views the facts in the light most favorable to the nonmoving party, with all justifiable inferences drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The Court may rely only on facts supported in the record, not simply assertions in the pleadings. *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. A dispute of material fact is "genuine"

only if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Id.* at 248–49.

## II.    APA Claim

Plaintiffs argue that the denials of their Petitions were arbitrary, capricious, and not in accordance with law because USCIS relied on a requirement found only in a regulation that their juvenile court orders had to be in effect on the date of the filing of the Petitions.

Under the APA, a court must "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). When reviewing such an agency action, "the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." *Id.* § 706. An agency rule or action will be deemed arbitrary and capricious if "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).

Previously, when courts interpreted statutes administered by federal agencies that were silent or ambiguous with respect to a specific question at issue, courts were required to defer to the agency's interpretation if it was "based on a permissible construction of the statute." *Chevron U.S.A Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843 (1984). However, the United States Supreme Court has overruled *Chevron*, and now courts "must exercise their independent judgment in deciding whether an agency has acted within its statutory authority, as the APA requires." *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244, 2273 (2024). When confronted with a statutory

ambiguity, courts must "use every tool at their disposal to determine the best reading of the statute and resolve the ambiguity." *Id.* at 2266. Thus, when applying the APA, courts "may not defer to an agency interpretation of the law simply because a statute is ambiguous." *Id.* at 2273.

Here, the Court considers whether the USCIS decision to deny Plaintiffs' Petitions based on the rule, as stated in 8 C.F.R. § 204.11(c)(3)(ii), that an SIJ petition must be denied if the juvenile court orders were issued before the petitioner turned 21 years old but were not issued and in effect at the time of the filing of the petition is arbitrary and capricious or not in accordance with law. Plaintiffs correctly assert that none of the relevant statutory provisions include a requirement that the juvenile court orders must be in effect before the date of the petition's filing. In particular, the text of 8 U.S.C. § 1101(a)(27)(J) provides that an SIJ is an individual "who has been declared dependent on a juvenile court located in the United States" and "for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality," without any provision requiring that these determinations must be made before any particular event. *Id.* § 1101(a)(27)(J)(i)–(ii). When USCIS promulgated 8 C.F.R. § 204.11(c)(3)(ii) in 2022, it included a requirement that a qualifying juvenile court order must be in effect at the time of the filing of an SIJ petition, but no such requirement appears in the language of the statute. *See* Special Immigrant Juvenile Petitions, 87 Fed. Reg. 13066, 13082 (Mar. 8, 2022).

Notably, Congress included a statutory time-of-filing requirement in relation to a different SIJ requirement, the petitioner's age, by requiring that an SIJ petition may not be denied "based on age if the alien was a child on the date on which the alien applied for such status." 8 U.S.C. § 1232(d)(6). Where Congress included a provision that both permitted and required the age requirement to be satisfied as of the date of the filing of the petition, it demonstrated that it could

11

and would identify requirements linked to the date of filing, so the failure to do so in relation to the timing of the issuance of juvenile court orders signals that no such requirement exists. *See Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983))).

Considering these SIJ provisions together, the Court concludes that the best reading of the statutory provisions is that petitioners meet all statutory requirements, and thus are eligible for SIJ status, if they submit their SIJ applications before turning 21 years old and can demonstrate that their qualifying juvenile court orders were also issued before they turned 21 years old. While imposing an additional requirement that the juvenile court orders must also be issued before the date of the filing of the petition may provide USCIS with administrative efficiencies when evaluating an SIJ petition, administrative ease cannot justify reading an extra requirement into a statute. This is particularly true where such a reading can result in the denial of SIJ status for individuals who meet all of the statutory requirements, such as SIJ petitioners who, like Plaintiffs, filed their SIJ petition before turning 21 years old and had juvenile court orders issued before they turned 21 but after the date of filing.

Defendants' reading is particularly problematic because an SIJ petition may not be submitted electronically but is not deemed to have been received until actually delivered to USCIS. *See* 8 C.F.R. 204.1(b) ("The filing date of a petition is the date it is properly filed and received by USCIS."). As a result, a petitioner whose juvenile court order is issued the day before that individual's 21st birthday—such that all statutory requirements would have been met—has virtually no ability to satisfy the requirements of (1) having juvenile court orders that are in effect

before the date of filing and (2) filing the petition, which requires receipt by USCIS, while the petitioner is still under 21 years old. *See In re 21st Birthday Denial of Special Immigrant Juv. Status Applications by USCIS*, 637 F. Supp. 3d 23, 32–34 (E.D.N.Y. 2022) (noting that although one United States Court of Appeals requires USCIS to accept SIJ petitions filed on the petitioner's 21st birthday, USCIS, including through decisions of its Administrative Appeals Office, often applies the opposite rule and rejects SIJ petitions received on a petitioner's 21st birthday); *cf. Burey v. Blanche*, ___ F4th ___, No. 25-1869, 2026 WL 2023807, at *1, *4 (4th Cir. July 14, 2026) (finding that an immigration court's denial of a motion to reopen as untimely violated due process where the immigration court had refused to accept the motion through either electronic or in-person filing on the stated deadline for filing). This scenario can occur without a lack of diligence by the petitioner because, unlike for many other requirements underlying an immigration benefit, the petitioner lacks the ability to determine when the requirement of having a qualifying juvenile court order will be satisfied because the state court, not the petitioner, controls when any hearing is held and when it ultimately issues a qualifying juvenile court order, as reflected by the fact that Rodas-Jara's uncle applied for such a court order in January 2023 but did not receive a ruling until September 20, 2023.

Finally, Defendants' interpretation of § 1101(a)(27)(J) as requiring qualifying juvenile court orders to have been in effect before the date of filing, which would effectively narrow the field of noncitizens able to receive SIJ status, runs contrary to the general principle, as articulated by the United States Court of Appeals for the Fourth Circuit, that a "narrow and restrictive interpretation" of § 1101(a)(27)(J)(i) is "generally incongruous with Congress's efforts to expand eligibility for SIJ status and increase protections for vulnerable immigrant children." *Perez v. Cuccinelli*, 949 F.3d 865, 878 (4th Cir. 2020) (en banc) (rejecting an agency interpretation that a

13

qualifying juvenile court order must be a permanent order, rather than a temporary order, as contrary to the text and purpose of § 1101(a)(27)(J)(i)).

For these reasons, the Court finds that Defendants' regulatory requirement that an SIJ petition will be denied if the qualifying juvenile court order was not in effect on the date of the filing of the petition is not in accordance with law, in that it denies relief to certain individuals who meet all of the statutory requirements. It is also arbitrary and capricious in that, in some instances, it leaves to chance whether petitioners are eligible for SIJ status based on factors outside of their control, including the state court's determinations on when to make rulings and issue juvenile court orders, and the vagaries of mailing and other delivery services that, in some circumstances, may impact the number of days that it would take for a petition to be received for filing. *See Kirk v. Comm'r Soc. Sec. Admin.*, 987 F.3d 314, 321 (4th Cir. 2021) (finding that an agency rule is arbitrary and capricious where it distinguishes between similarly situated claimants "based on circumstances entirely outside their control" (quoting *Hicks v. Comm'r of Soc. Sec.*, 909 F.3d 786, 808 (6th Cir. 2018))); *Miller v. Bond*, 641 F.2d 997, 1005 (D.C. Cir. 1981) (holding that "[d]ecisions based on luck" are arbitrary and capricious). In particular, these special considerations applicable to SIJ petitions constitute an "important aspect of the problem" that the agency failed to consider. *Motor Vehicle Mfrs. Ass'n of U.S., Inc.*, 463 U.S. at 43. Defendants also failed to consider why an SIJ petition filed before the petitioner turns 21 years old, as generally required, could not be amended to include a qualifying juvenile court order issued before the petitioner's 21st birthday.

Nevertheless, Defendants argue that their interpretation of the SIJ statute as including the time-of-filing requirement set forth in 8 C.F.R. § 204.11(c)(3)(ii) is entitled to respect under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944), and should be upheld because it is not inconsistent

with or contradictory of 8 U.S.C. § 1101(a)(27)(J). Under *Skidmore*, which remains applicable even after *Loper Bright*, 144 S. Ct. at 2262, 2265, 2267, "an agency's specialized experience may justify granting its statutory interpretation a degree of deference proportional to its power to persuade." *Perez*, 949 F.3d at 877 (internal citations omitted). "In applying *Skidmore* deference, 'courts have looked to the degree of the agency's care, its consistency, formality, and relative expertness, and to the persuasiveness of the agency's position.'" *Id.* (quoting *United States v. Mead Corp.*, 533 U.S. 218, 228 (2001)). An agency's interpretation may be "especially informative" to the extent it rests on factual premises within an agency's expertise, *see Loper Bright*, 144 S. Ct. at 2267, or to the extent it was "issued contemporaneously with the statute at issue" and has "remained consistent over time." *Id.* at 2262.

When promulgating 8 C.F.R. § 204.11(c)(3)(ii), USCIS provided two rationales for its time-of-filing requirement for qualifying juvenile court orders. First, "the wording of the dependency requirement in the INA is meant to show that the juvenile court has done something in the past, but the focus is on the present time (the adjudication of the SIJ petition by USCIS)." Special Immigrant Juvenile Petitions, 87 Fed. Reg. at 13082. Second, "longstanding USCIS regulations at 8 CFR 103.2(b)(1), in general, require an applicant or petitioner for any immigration benefit to establish eligibility 'at the time of filing,' and that eligibility 'must continue' through adjudication. Additionally, DHS agrees with commenters that this requirement ensures that SIJ classification is provided to those truly in need of the benefit." *Id.*

When Defendants' interpretation of § 1101(a)(27)(J) is considered in light of these rationales, the Court finds that it lacks the power to persuade and thus is not entitled to *Skidmore* deference. As to the first rationale, that based on verb tense the juvenile court order must have occurred in the past, USCIS does not explain why the issuance of the juvenile court order must

15

have occurred before the filing of an SIJ petition, as opposed to before an SIJ applicant turns 21 and would become otherwise ineligible. *See* 8 U.S.C. § 1101(a)(27)(J)(i)–(ii). Indeed, USCIS acknowledges that the assessment of eligibility still requires a "focus . . . on the present time," meaning the time of "the adjudication of the SIJ petition by USCIS," so there is no reason that the past activity cannot be the issuance of a juvenile court order at a time when the petitioner met the requirement of being a child. Special Immigrant Juvenile Petitions, 87 Fed. Reg. at 13082.

As to the second rationale based on the more general time-of-filing provision in 8 C.F.R. § 103.2(b)(1), which provides that "[a]n applicant or petitioner must establish that he or she is eligible for the requested benefit at the time of filing the benefit request," Defendants neither explain why that provision is consistent with the text of 8 U.S.C. § 1101(a)(27)(J) nor offer an explanation for why such a requirement "ensures that SIJ classification is provided to those truly in need of the benefit." Special Immigrant Juvenile Petitions, 87 Fed. Reg. at 13082. Rather, the effect of imposing such a time-of-filing requirement on SIJ petitions has been, as here, to prevent noncitizens who were otherwise eligible for SIJ status from receiving the benefit that Congress intended for them to have. Further, as discussed above, the general time-of-filing requirement set forth in 8 C.F.R. § 103.2(b)(1), even if consistent with other parts of the INA relating to other immigration benefits, is incompatible with the SIJ statutory provisions because of unique aspects of the SIJ program, including that petitioners lack control over the timing of the issuance of a required juvenile court order and, in light of the filing procedures, over the specific date and time when an application will be deemed to have been filed.

As to the remaining considerations, the Court finds that Defendants' interpretation of 8 U.S.C. § 1101(a)(27)(J), which relates to general timing issues rather than substantive issues relating to immigration matters, does not rest on factual premises within an agency's expertise.

16

*See Loper Bright*, 144 S. Ct. at 2267. Moreover, Defendants' interpretation as set forth in 8 C.F.R. § 204.11(c)(3)(ii) was not promulgated until 2022 and thus was not issued contemporaneously with § 1101(a)(27)(J), which was enacted in 1990. *See id.* at 2262. Accordingly, the Court finds that Defendants' interpretation lacks persuasive power and is thus not entitled to deference under *Skidmore*.

Of the cases cited by Defendants, only *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492 (E.D.N.Y. 2019), and *Calle v. Whitaker*, No. 18-CV-1957(SJF), 2019 WL 447324 (E.D.N.Y. Jan. 31, 2019), address the issue presented here. Both *Alvarez Sosa* and *Calle* involved similar factual situations in which SIJ petitions were submitted without qualifying juvenile court orders, but the petitioners later received their court orders before they turned 21 years old. *See Alvarez Sosa*, 369 F. Supp. 3d at 503; *Calle*, 2019 WL 447324, at \*1–2. In both cases, decided by the same judge, the court upheld USCIS's decision to deny the SIJ petitions because the qualifying juvenile court orders were not included with the original SIJ petition, and in doing so upheld that validity of 8 C.F.R. § 204.11. *See Alvarez Sosa*, 369 F. Supp. 3d at 503–04, 508–09; *Calle*, 2019 WL 447324, at \*13–16. However, these cases fail to provide a basis to alter this Court's conclusion for two reasons. First, both interpreted and upheld a prior version of 8 C.F.R. § 204.11, not the current version at issue, which was promulgated in 2022. *See* Special Immigrant Juvenile Petitions, 87 Fed. Reg. at 13066. Second and more importantly, both cases, which pre-date *Loper Bright*, analyzed the issue under *Chevron* deference and found that the regulation did not "contradict the statute" and was otherwise a "reasonable and permissible" construction of 8 U.S.C. § 1101(a)(27)(J). *Alvarez Sosa*, 369 F. Supp. 3d at 507–09; *Calle*, 2019 WL 447324, at \*14–16. Where this Court is tasked with determining whether the current version of 8 C.F.R. § 204.11(c) conforms with the best interpretation of the SIJ statute, not that it merely provides a reasonable or permissible construction

of the SIJ statute, *see Loper Bright*, 144 S. Ct. at 2266, the analysis in *Alvarez Sosa* and *Calle* is inapplicable. For the same reason, Defendants' assertion that the relevant part of 8 C.F.R. § 204.11(c)(3)(ii) is not "inconsistent or contradictory to the relevant statute" is unpersuasive. Mot. Dismiss at 13, ECF No. 9-1.

Finally, Defendants argue that a time-of-filing requirement for qualifying juvenile court orders flows from 8 U.S.C. § 1361, which states that the burden of proof is on the noncitizen to show that he is entitled to SIJ status. Section 1361, however, does not state that this burden must be assessed only at the time of the filing of an SIJ petition. Rather, where in this case Plaintiffs submitted juvenile court orders that were issued before they turned 21 years old, they met the burden to show that they met all of the statutory requirements set forth in 8 U.S.C. § 1101(a)(27)(J) prior to reaching the age of 21.

Therefore, the Court concludes that to the extent that 8 C.F.R. § 204.11(c)(3)(ii) requires denial of SIJ petitions submitted by petitioners for whom qualifying juvenile court orders were issued before they turned 21 years old on the grounds that a court order was not issued before the petitioner filed an SIJ petition, the regulation is not in accordance with law because it violates 8 U.S.C. § 1101(a)(27)(J) by denying SIJ status to petitioners who would otherwise be eligible. Based on this conclusion, and also based on the unique aspects of SIJ petitions, including petitioners' inability to fully control when a qualifying juvenile court order will be issued and when a submitted petition will be deemed to have been filed, the Court also finds that the denials of Plaintiffs' Petitions based on Defendants' interpretation of this regulation were arbitrary and capricious agency actions in violation of the APA. Accordingly, Defendants' Motion to Dismiss will be denied as to the APA claim in Count 2, and Plaintiffs' Cross Motion for Summary Judgment as to that claim will be granted. The Court will issue judgment in favor of Plaintiffs on Count 2,

vacate Defendants' denials of Plaintiffs' I-360 SIJ Petitions, and remand the matter to USCIS for adjudication of the SIJ Petitions consistent with this ruling.

Because the Court grants judgment to Plaintiffs on their APA claim, the Court need not and will not address Plaintiffs' due process claim in Count 1.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be GRANTED IN PART and DENIED IN PART in that the Motion will be granted as to Flores-Reyes's claims but will be otherwise denied. Plaintiffs' Cross Motion for Summary Judgment will be GRANTED as to Count 2, and judgment will be entered in favor of Plaintiffs. A separate Order shall be issued.

Date: August 5, 2026

THEODORE D. CHUANG
United States District Judge